## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

Elkan, Inc.,

                                    Plaintiff,

vs.                                                        Case No. 1:26-cv-00149

TVT Capital Source LLC et al.,

                                    Defendant.

---

## ORDER GRANTING MOTION FOR INJUNCTION
## RESTRAINING PROSECUTION OF OTHER PROCEEDINGS

---

[¶ 1]   THIS MATTER comes before the Court on a Motion for Injunction Restraining Prosecution of Other Proceedings pursuant to 28 U.S.C. § 2361 filed by the Plaintiff on May 6, 2026. Doc. No. 4. For the reasons set forth below, the Motion is **GRANTED**.

### BACKGROUND

[¶ 2]   This is an interpleader action brought by the Plaintiff pursuant to 28 U.S.C. § 1335 relating to $1,057,611.20 in disputed funds. Doc. No. 1. These funds are owed under an Agreement for Water Purchase, Storage, and Distribution System dated August 15, 2019 ("Water Agreement").

[¶ 3]   Each Defendant has a competing claim to those funds. Specifically, Defendants TVT Capital Source LLC ("TVT"), QFS Capital, LLC ("QFS"), and First International Bank & Trust ("FIBT") have each made written demands for the funds under §§ 9-406 and 9-607 of the Uniform Commercial Code ("UCC"). Defendant Top Choice Financial LLC ("Top Choice") has a perfected UCC-1 financing statement against one of the relevant payees and may assert a claim at any time against the disputed funds. The remaining defendants are the originally-named payees under the Water Agreement and may assert claims to the Disputed Funds independent of or adverse to the

- 1 -

secured-creditor Defendants. Elkan is a disinterested stakeholder who holds the disputed funds under the Water Agreement.

## DISCUSSION

[¶ 4]   In an interpleader action, the Court has discretion to restrain the defendants from "instituting or prosecuting" an action in either state or federal court that affects the disputed funds. 28 U.S.C. § 2361. Before exercising jurisdiction in a statutory interpleader case, several prerequisites must be met: "(1) the plaintiff have custody of the disputed property, which must exceed $500 in value; (2) the plaintiff deposit the disputed property into the registry of the court; and (3) two or more adverse claimants of diverse citizenship claim or may claim an interest in the disputed property." Star Ins. Co. v. Cedar Valley Express, LLC, 279 F. Supp. 2d 38, 40—43 (D.D.C. 2002).

[¶ 5]   Based upon the limited record before the Court, the Court finds these elements are met. The Complaint alleges Elkan has custody over the disputed property and it exceeds $500 in value. Doc. No. 1. Concurrent with this Order, the Court has entered an Order directing the deposit of the disputed funds with the Court and found this satisfies the deposit element of the Court's jurisdiction. Finally, the Complaint alleges multiple adverse claimants to the disputed funds. Doc. No. 1. Accordingly, the Court will exercise jurisdiction over this matter.

[¶ 6]   Once these elements are satisfied, the Court may enter an order to restrain the defendants from asserting or prosecuting claims over the disputed funds until resolution of this interpleader action. Star Ins., 273 F. Supp. 2d at 42–43. Entry of a preliminary injunction can be done with or without notice, but courts should exercise restraint when there is no real threat of a claim being made against the disputed funds. Id. at 43.

[¶ 7]   Because demands have already been made against the disputed funds, the Court finds entry of an injunction is appropriate at this time. Service of this injunction may be nationwide pursuant to § 2361 because TVT, QFS, and Top Choice defendants reside outside the District of North Dakota. 28 U.S.C. § 2361. After service of the Complaint and this Order upon the Defendants, a motion for reconsideration of this Order may be made by one or more Defendant. Star Ins., 273 F. Supp. 2d at 43 ("Nevertheless, a provision in an order granting a preliminary injunction and affording an opportunity for reconsideration of its issuance after service of process can be an appropriate safeguard against failure to give notice.").

[¶ 8]   Accordingly, the Plaintiff's Motion for Injunction Restraining Prosecution of Other Proceedings is **GRANTED**. It is, therefore, **ORDERED:**

1. Each Defendant is **ENJOINED** from instituting or prosecuting any proceeding in any state or United States court against Elkan affecting (1) the disputed funds, (2) any future Water Agreement payment subject to the same competing claims, or (3) Elkan's obligations under the Water Agreement with respect to such funds and payments.

2. The Injunction shall remain in effect until further order of this Court.

3. In accordance with 28 U.S.C. § 2361, service is hereby authorized on each Defendant by the United States Marshal for the respective district in which the Defendant resides or may be found.

4. Because the Court has permitted the disputed funds to be deposited with the Court, no bond shall be required.

[¶ 9]   **IT IS SO ORDERED.**

DATED May 22, 2026

Daniel M. Traynor, District Judge
United States District Court